# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1033V
Filed: March 7, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| C.A., by her Parents and Natural Guardians, | \* | |
| TERESA and DAVID AUDINO, | \* | |
| | \* | |
| Petitioners, | \* | |
| | \* | Attorneys' fees and costs decision; |
| v. | \* | respondent objects to fee award; |
| | \* | lack of reasonable basis to go forward |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Vienna, VA, for petitioners.
Colleen C. Hartley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 1, 2017, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that human papillomavirus ("HPV") vaccine that their daughter C.A. received on August 14, 2014 caused her dysautonomia whose onset was two days. Pet. at ¶¶ 6, 11.

On September 20, 2017, petitioners filed C.A.'s medical records. C.A.'s medical records do not support petitioners' allegations that the start of whatever petitioners think she has was two

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

days after her first HPV vaccination.  Moreover, no medical doctor has diagnosed C.A. with dysautonomia.  The only person who diagnosed C.A. with dysautonomia was a chiropractor named George Michalopoulos who says he is a chiropractic neurologist but has never attained a medical degree.

On September 22, 2017, the undersigned issued an Order discussing the difficulties in this case.

On October 24, 2017, the undersigned held the first telephonic status conference in this case and discussed her Order of September 22, 2017.  Petitioners' counsel said he would confer with petitioners about the discussion the undersigned had with counsel.

On November 7, 2017, petitioners filed a Motion for Decision Dismissing Her [sic] Petition.  Petitioners state that they "will be unable to prove that [they are] entitled to compensation in the Vaccine Program" and that "to proceed any further would be unreasonable." Pet'rs's Mot. at 1.  Furthermore, they state that to proceed any further would waste the resources of the court, respondent, and the Vaccine Program.  Id.  The undersigned dismissed this case on November 8, 2017.

On December 4, 2017, petitioners filed a motion for attorneys' fees and costs.  Petitioners request $23,751.60 in attorneys' fees, $418.11 in attorneys' costs, and $438.05 in petitioners' costs, for a total request of $24,607.76.

On December 7, 2017, respondent filed a response to petitioners' motion arguing petitioners are not entitled to receive attorneys' fees and costs since petitioners failed to establish a reasonable basis for their claim.  Resp. at 1-5.  Respondent "respectfully requests that the [undersigned] exercise her discretion and deny petitioners' Motion for Attorneys' Fees and Costs." Id. at 6.

On March 1, 2018, petitioners filed a reply to respondent's response arguing they had a reasonable basis to file their petition and lost their reasonable basis when the undersigned commented during the initial status conference that no reasonable basis would be found if petitioners proceeded.  Reply, at 4, 6, 7. Petitioners request an additional attorneys' fees of $2,702.80.  Id. at 7.  The total amount of attorneys' fees and costs requested is now $27,310.56.

This matter is now ripe for adjudication.

## DISCUSSION

I.   **Entitlement to Fees Under the Vaccine Act**

   a.  **Legal Standard**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found HPV vaccine did not cause vaccinee's DSRC cancer, a genetically-caused disease, and petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

Moreover, while a petitioner may have a reasonable basis to file a petition, the reasonable basis can be lost as the case develops. In Perreira, the Federal Circuit upheld a special master's decision awarding attorneys' fees and costs only up until the hearing began. Perreira v. Sec'y of HHS, 33 F.3d 1375, 1377 (Fed. Cir. 1994). The special master found that petitioners should have realized that they did not have a reasonable basis to move forward with the case once they reviewed their expert's opinion prior to the hearing and saw the opinion was unsupported by medical literature or studies. Id. The Federal Circuit noted that "Congress must not have intended that every claimant . . . collect attorney fees and costs" because the funds that are

3

payable under the statute are limited.  Id. at 1377.

### b. Good faith and reasonable basis

Petitioners are entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith.  Grice, 36 Fed. Cl. at 121.  There is no evidence that this petition was brought in bad faith.  Therefore, the undersigned finds that the good faith requirement is satisfied.

Prior to the filing of the petition, counsel had C.A.'s medical records, petitioners' affidavits, and an expert Dr. Mikovits' preliminary review of the case which indicated that she believed she might be able to support causation based on the facts as presented in petitioners' affidavit and medical records.  Doc. 14, at 8, 9, 14; Doc 21, at 3-5.  Therefore, the undersigned finds that there was a reasonable basis for petitioners to file the claim.  However, petitioners lost that reasonable basis on October 24, 2017, the date on which the undersigned held the initial status conference, during which she found a lack of documentation regarding onset and indicated no reasonable basis would be found if petitioners proceeded.  Thus, the undersigned awards reasonable attorneys' fees and costs up until October 24, 2017.  Accordingly, **this results in a deduction of $2,470.60.**

## II.     Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Avera, 515 F.3d 1343, 1348.  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).  For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."  Avera, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

1. **Reasonable Hourly Rates**

Petitioners request the following hourly rates:

|                     | 2015  | 2016  | 2017  | 2018  |
|---------------------|-------|-------|-------|-------|
| Clifford Shoemaker  | $415  | $430  | $440  | $450  |
| Renee Gentry        | N/A   | N/A   | $430  | $440  |
| Sabrina Knickelbein | N/A   | $365  | $378  | $378  |

The undersigned finds petitioners' requested hourly rates reasonable except for Ms. Gentry's hourly rate of $430 for her work performed in 2017. Since Ms. Gentry has been practicing law for approximately 22 years, she may be awarded $358 - $424 for work performed in 2017. The undersigned finds Ms. Gentry belongs at the upper limit of this range, but cannot exceed it. The undersigned awards Ms. Gentry's hourly rate for her work performed in 2017 at $424. Because Ms. Gentry billed 0.25 hours in 2017, **this results in a deduction of $1.50.**

2. **Reduction of Billable Hours**

   a. **Administrative Time**

Bedrock caselaw states that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioners' counsel's billing records contain multiple entries that are best characterized as administrative tasks. For example, Mr. Shoemaker and Ms. Knickelbein billed 0.1 hours for tasks such as "review notice of appearance," "review initial order," "review [an] order" after reviewing a one-page or non-pdf scheduling order or status conference order. Doc. 14, at 6 (entries dated 8/3/2017 and 8/9/2017); Id. at 15 (entries dated 8/3/2017 and 8/9/2017); and Doc 21, at 9 (entries dated 2/2/2018 and 2/5/2018). Beyond the fact that this is clerical work billed at attorneys' rates, the undersigned cannot imagine how it takes six minutes to enter a date, or even three dates, on one's calendar. These types of entries are clerical in nature and do not constitute billable time. Additionally, Mr. Shoemaker billed a combined 0.9 hours to review and authorize payment for medical records. Doc. 14, at 7 (entries dated 2/5/2016 and 2/9/2016). Accordingly such entries will be deducted from the fee award, amounting to a **further reduction of $332.40.**

   b. **Vague Entries**

The undersigned has previously decreased an award of attorneys' fees for vagueness. Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and

costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable. Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

Time records should be sufficiently detailed so that the undersigned is able to determine the reasonableness of the amount of time being spent and the work being performed. Mr. Shoemaker billed 0.2 hours to "review corr." Doc. 14, at 7 (entries dated 2/15/2016 and 2/25/2016). Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable. This adjustment results in a **further deduction of $86.00**.

### c. Duplicative and Excessive Entries

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella, 86 Fed. Cl. at 209.

The undersigned finds that counsel included entries that are duplicative due to attorneys billing for review of the same order or emailing petitioners the same order. For examples, both Mr. Shoemaker and Ms. Knickelbein billed for emailing petitioners the undersigned's Order of September 22, 2017. Doc. 14, at 11 and 16. In addition to 2 hours of Ms. Knickelbein's time billed for drafting a reply to respondent's opposition to petitioners' fees motion, Mr. Shoemaker billed 0.2 hours for reviewing the draft and Ms. Gentry billed 3.5 hours for work related to revising and editing the draft, reviewing billing records, and reviewing the undersigned's order. Doc. 21, at 9. The undersigned will recognize 3 hours of counsel time for writing the reply. Accordingly, this results in a **further reduction of $1,137.80.**

Thus, the total amount of attorneys' fees for Shoemaker, Gentry & Knickelbein is reduced by $4,028.30 and $22,426.10 is awarded. The undersigned finds the attorneys' costs reasonable. Therefore, the total amount paid for attorneys' fees and costs incurred by Shoemaker, Gentry & Knickelbein is $23,282.26.

## CONCLUSION

The undersigned finds petitioners had a reasonable basis to file a petition and this reasonable basis continued during the initial period of the prosecution of their case, up until the first status conference held on October 24, 2017. **Accordingly, the court awards:**

a. **$438.05**, representing petitioners' personal costs. The award shall be in the form of a check made payable to petitioners for **$438.05**;

b. **$23,282.26**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and Shoemaker, Gentry & Knickelbein in the amount of **$23,282.26**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 7, 2018                                      /s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.